# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KAREN R. WOOD,**

        **Plaintiff,**

**-vs-**           Case No. **6:07-cv-535-Orl-28KRS**

**DISNEY DESTINATIONS, LLC., DISNEY WORLDWIDE SERVICES, INC.,**

        **Defendants.**

___

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND STIPULATED FINAL JUDGMENT (Doc. No. 24)** |
| **FILED:** | April 17, 2008 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

This case was brought under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201, *et seq.* In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id*. at 1353.

The parties represent that under the settlement agreement, Plaintiff Karen R. Wood will receive $20,100.00 for past due wages and $20,100.00 for liquidated damages, as negotiated after information was furnished in discovery, and that Wood is satisfied with the settlement. Defendants also will pay Plaintiff's attorneys' fees of $26,800.00 for the 289 hours counsel worked on this matter. Based on these representations, I conclude that the amount Woods will receive is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id*. at 1354.

The parties request that the Court approve the settlement agreement and dismiss the action with prejudice.

Accordingly, I respectfully recommend as follows:

1. The Court find that the amount received by Wood is a fair and reasonable resolution of a bona fide dispute over FLSA provisions;

2. The Court not reserve jurisdiction to enforce the settlement agreement;

3. The Court dismiss the case with prejudice; and,

4. The Court direct the Clerk to close the file after an order of dismissal is entered.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 18, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy